UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| CHAD ALLEN KERENS | : Case No. 2:23-cv-762 |
| Petitioner, | : |
| vs. | : Judge Michael H. Watson |
| | : Magistrate Judge Stephanie K. Bowman |
| WARDEN, PICKAWAY CORRECTIONAL INSTITUTION, | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

This matter is before the Court on its own motion. Petitioner Chad Allen Kerens, an inmate at the Pickaway Correctional Institution, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence by the state court located in Fairfield County Common Pleas Court. ECF No. 1-1 at PageID 1. For the reasons stated below, the Court **RECOMMENDS** that the Petition be **DISMISSED** on the ground that it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

**I. PROCEDURAL HISTORY**

Petitioner was convicted of one count of murder and two counts of tampering with evidence on February 17, 2020, in the Fairfield County Common Pleas Court. ECF No. 1-1 at PageID 11. He appealed to the Court of Appeals of Ohio, Fifth District, Fairfield County, which affirmed his conviction on January 20, 2021. *State v. Kerens*, 2021-Ohio-127, 2021 WL 210414 *1 (Ohio Ct. App., Jan. 20, 2021) ("[Petitioner] appeals his murder conviction after a jury trial in the Fairfield County Court of Common Pleas"). He then filed an appeal of the appellate court's

decision to the Ohio Supreme Court, which declined to accept his appeal on May 11, 2021. *State v. Kerens*, 2021-Ohio-1606, 167 N.E.3d 979 (Ohio 2021).

While his appeal to the Ohio Supreme Court was pending, on May 5, 2021, Petitioner filed an application to reopen his direct appeal with the Court of Appeals of Ohio, Fifth District, Fairfield County, ECF No. 1-1 at PageID 14, which declined review on July 16, 2021. He then appealed that decision to the Ohio Supreme Court, which declined review on November 9, 2021. *State v. Kerens*, 2021-Ohio-3938, 175 N.E.3d 1273 (Ohio 2021).

Petitioner filed the instant federal habeas Petition, which was signed on February 6, 2023, and received by this Court on February 15, 2023. ECF No. 1-1 at PageID 34. In his Petition, Petitioner raised the following grounds for relief, liberally construed by the Court as follows:

> **GROUND ONE:** Trial Court error for failure to properly instruct the jury regarding self-defense.
>
> **GROUND TWO:** Petitioner's conviction was against the manifest weight of the evidence.
>
> **GROUND THREE:** Ineffective assistance of trial counsel – failure to preserve issues for appellate review.

ECF No. 1-1 at PageID 20, 23–24.

On preliminary review of the Petition, this Court issued an order to show cause on April 25, 2023 (the "OTSC"), as to why the Petition should not be dismissed based on the application of the one-year limitation period established by 28 U.S.C. § 2244(d)(1), as discussed by *Pimental v. Hudson*, No. 1:07-CV-01163, 2008 WL 4186922, at *7 (N.D. Ohio Sept. 5, 2008) (citing *Lawrence v. Florida,* [549 U.S. 327, 333–34] (2007)). ECF No. 5. The OTSC required Petitioner to provide argument as to why his Petition was not untimely under § 2244(d)(1) or why equitable tolling should apply by May 25, 2023, and warned Petitioner that a failure to respond would result in this Court recommending dismissal of his Petition without further notice.

2

*Id.* To date, Petitioner has not responded to the OTSC or otherwise participated in the case since the OTSC was issued.

## II. STANDARD OF REVIEW

The Sixth Circuit Court of Appeals recently discussed the appropriate standard of review for habeas claims brought by state prisoners in *Stermer v. Warren,* 959 F.3d 704, 720–22 (6th Cir. 2020). "Petitions for habeas corpus brought by state prisoners are subject to 28 U.S.C. § 2254, the modern version of which comes from the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")." *Id*. at 720 (citing *Northrop v. Trippett*, 265 F.3d 372, 376 (6th Cir. 2001); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999)). "AEDPA requires habeas petitioners to exhaust their claims in state court before turning to a federal court for relief." *Id*. (citing 28 U.S.C. § 2254(b)(1)). "And if a state court decides a claim on the merits, that decision is subject to significant deference." *Id.* (citations omitted).

However, prior to review of exhaustion or the merits of a petition, under Rule 4 of the Rules Governing Section 2254 Cases, a court may *sua sponte* dismiss a habeas petition if untimeliness is evident on the face of the petition, and the petitioner is first given a warning and the opportunity for explanation before dismissal. *See also Day v. McDonough,* 547 U.S. 198 (2006) (a district court may, on its own initiative, dismiss a habeas petition as untimely even after a respondent has filed an answer, provided that the petitioner is given notice and an opportunity to be heard); *Hill v. Braxton*, 277 F.3d 701, 706-7 (4th Cir. 2002); *McCreary v. Doe*, No. CV 15-1634, 2016 WL 1506204, at *1 (W.D. Pa. Mar. 4, 2016) (citing Rule 4), *report and recommendation adopted*, No. 2:15CV1634, 2016 WL 1530008 (W.D. Pa. Apr. 14, 2016) (recommending dismissal of petition due to facially apparent limitations period bar prior to service of process on respondent).

III. ANALYSIS

    **A. The Petition is Time Barred Under 28 U.S.C. § 2244(d)**

28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, sets the period when a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus, requiring them to do so within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, as the Court cannot find any basis in the record for applying § 2244(d)(1)(B)–(D), and as Petitioner has not provided cause for doing so, the limitations period is governed by the date on which Petitioner's judgment of conviction became final under § 2244(d)(1)(A). As such, the first step in applying the one-year limitations period is to determine when Petitioner's judgment of conviction became final.

Finality, "[f]or petitioners who pursue direct review all the way up to [the United States Supreme] Court . . . [occurs] when [the United States Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler,* 565 U.S. 134, 150 (2012). For petitioners who do not seek direct review by the United States Supreme Court, their judgment

4

becomes final at the "expiration of the time for seeking such review." *Id.* at 150–51. As "[a] criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari" before the United States Supreme Court, *see* Sup. Ct. R. 13, where a petitioner did not seek direct review by the United States Supreme Court, finality occurs 90 days after they were able to seek Supreme Court review on direct appeal but did not elect to do so. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Here, Petitioner appealed his state court conviction to the Ohio Court of Appeals, and then after his conviction was upheld on January 20, 2021, he appealed to the Ohio Supreme Court. ECF No. 1-1 at PageID 14. On May 11, 2021, the Ohio Supreme Court declined review of his direct appeal, and Petitioner did not seek direct review by the United States Supreme Court. *Id.* at 17; *see also Kerens*, 167 N.E.3d 979. As such, Petitioner's judgment was final under § 2244(d)(1)(A) on August 9, 2021, 90 days after the Ohio Supreme Court declined review of his direct appeal.

While the § 2244(d)(1) one-year limitations to file a federal habeas petition would normally begin to run on August 9, 2021, Petitioner also filed an application to reopen his direct appeal with the Court of Appeals of Ohio, Fifth District, Fairfield County (the "Application to Reopen"), on May 5, 2021, which declined review on July 16, 2021. ECF No. 1-1 at PageID 14. He then appealed that decision to the Ohio Supreme Court, which declined review on November 9, 2021. *Id.*; *see also State v. Kerens*, 2021-Ohio-3938, 175 N.E.3d 1273 (Ohio 2021).

Under § 2244(d)(2), although his judgment became final on August 9, 2021, the filing of the Application to Reopen tolled the one-year limitations period until review was declined by the Ohio Supreme Court on November 8, 2021. Therefore, the § 2244(d)(1) one-year limitations

5

period began to run on November 9, 2021, the day after the Ohio Supreme Court denied the Application to Reopen, expiring one year later on November 9, 2022.

Importantly, because the Application to Reopen is a collateral motion and is not part of the direct appeal, the ninety-day day tolling period to seek United States Supreme Court review does not apply. *Pimental*, 2008 WL 4186922, at *7. Here, the Petition was filed no earlier than February 6, 2023, the date in which it was signed,[1] well after the limitations period expired on November 9, 2022.

As this Court finds no basis in the record for additional tolling to apply and none was provided by Petitioner, the Court **RECOMMENDS** finding that the Petition was filed after the one-year limitations period set forth in § 2244(d)(1).

### B. Equitable Tolling Does Not Apply

As previously discussed in the OTSC,

> [e]ven if the limitations period is not tolled under the statute and the limitations period has passed, a § 2254 petition may nevertheless be timely if a petitioner can demonstrate that he is entitled to equitable tolling of the limitations period. The equitable tolling doctrine allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.

ECF No. 5 at PageID 59 (citing *Robertson v. Simpson,* 624 F.3d 781, 783 (6th Cir.2010) (internal quotation marks omitted)). Specifically, equitable tolling "requires a showing by a petitioner that (1) he has been diligently pursuing his rights and (2) some extraordinary circumstance stood in his way, preventing him from timely filing his habeas petition." *Id.* (citing *Hall v. Warden,*

---

[1] While the Sixth Circuit in *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack,* 487 U.S. 266, 273 (1988)) held that "[u]nder the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts," there is no indication in the record that the Petition was submitted to the institution where Petitioner is housed prior to it being signed.

*Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631(2010))).

Here, as Petitioner erroneously believed his Petition was timely and therefore did not submit any basis under which equitable tolling may have applied in his papers, *see* ECF No. 1-1 at PageID 32 (addressing the timeliness question in his form Petition by responding that "[t]his petition was timely given to institutional staff for notarization," presumably referencing the February 6, 2023, date he signed the Petition), he did not address equitable tolling in his Petition. In the OTSC, this Court noted that equitable tolling would not apply to the extent Petitioner misunderstood the tolling provision but invited Petitioner to posit an argument for the application for equitable tolling to allow his Petition to proceed. ECF No. 5 at PageID 59–60. However, as Petitioner failed to respond, and as this Court finds no basis in the record to apply equitable tolling, this Court **RECOMMENDS** declining to apply the equitable tolling doctrine and dismissing the Petition as time barred by 28 U.S.C. § 2244(d)(1).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Petition be **DISMISSED** on the ground that it is time-barred pursuant to 28 U.S.C. § 2241(d)(1).

2. A certificate of appealability should not issue with respect to any of the claims for relief alleged in the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[2]

---

[2] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

3.  With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

July 12, 2023              *s/Stephanie K. Bowman*
                           Stephanie K. Bowman
                           UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).